# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID CORNELL BLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4407** |
| **TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX, ET AL.** | **SECTION "R" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, David Cornell Bland, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Criminal Justice Complex, Terrebonne Parish Sheriff Vernon Bourgeois, inmate Joshua Johnson, and Warden Leroy Lirette, Jr. In this lawsuit, plaintiff alleges that he was injured in an attack while detained at the Terrebonne Parish Criminal Justice Complex. As relief, he seeks monetary damages, release from detention, and the institution of criminal charges against Johnson.

A Spears hearing was held in this matter on August 27, 2009.[1] Based on the complaint and the testimony at that hearing, the Court finds that plaintiff is making the following allegations in this proceeding.

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

In May or June of 2009, while confined at the Terrebonne Parish Criminal Justice Complex as a pretrial detainee, plaintiff was the victim of an attack by Joshua Johnson, a convicted inmate incarcerated at the facility. Without provocation, Johnson entered plaintiff's cell, began cursing him, and hit him in the eye. Plaintiff had no prior confrontations with Johnson and no advance warning of the attack.

After the attack, plaintiff pressed a safety alarm to signal that he needed assistance from a guard. No one answered the alarm. Plaintiff next beat on the window for assistance; again, no one responded. After waiting for assistance for approximately thirty minutes, plaintiff telephoned his family and asked them to intervene. A family member then called jail officials and reported that plaintiff needed assistance for an eye injury he sustained in the attack. Approximately five or ten minutes later, jail officials entered the dorm to provide assistance.

At the Spears hearing, plaintiff admitted that he was arrested as a result of this incident. He was charged with aggravated battery for allegedly cutting Johnson with a razor during the fight, and that criminal charge is currently pending. According to the arrest report, witnesses stated that plaintiff was the aggressor in the incident and that Johnson only defended himself. The razor allegedly used by plaintiff in the fight was recovered and confiscated as evidence.[2]

Plaintiff testified that he named Sheriff Bourgeois as a defendant because he "runs the parish." Plaintiff named Warden Lirette as a defendant because he allegedly improperly housed plaintiff, a pretrial detainee, with Johnson, a convicted inmate.

---

[2] The arrest records were filed into the federal record at Rec. Doc. 7.

Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

### Release from Custody

The Court first notes that one form of relief requested by plaintiff is release from custody. However, that form of relief may not be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

### Criminal Prosecution

Plaintiff also requests that criminal charges be filed against Johnson for his role in the fight. That form of relief is also unavailable in a § 1983 action. Federal courts are not investigative or prosecutorial agencies. Individuals seeking the criminal investigation or prosecution of alleged wrongdoers should request the intervention of the appropriate law enforcement authorities, not the federal courts. See Hymel v. Champagne, Civ. Action No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007); May v. Kennard Independent School District, No. 9:96-CV-256, 1996 WL 768039, at *4 (E.D. Tex. Nov. 22, 1996).

### Terrebonne Parish Criminal Justice Complex

Plaintiff has named the Terrebonne Parish Criminal Justice Complex as a defendant in this lawsuit. That is improper. A jail or prison is a building, not a "person" subject to suit under 42 U.S.C. § 1983. See Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Francis v. United States, Civ. Action No. 07-1991, 2007

WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976). Accordingly, the claims against the Terrebonne Parish Criminal Justice Complex should be dismissed.

### Joshua Johnson

Inmate Joshua Johnson has also been improperly named as a defendant. Only persons "acting under color of state law" may be held liable in a federal civil rights action. 42 U.S.C. § 1983. An inmate involved in a prison fight is not a person acting under color of state law. See, e.g., Butler v. Jenkins, 450 F.Supp. 574, 575 (E.D. Tenn. 1978); see also Goodell v. Anthony, 157 F.Supp.2d 796, 801 (E.D. Mich. 2001) ("Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983."). Accordingly, the claims against Johnson should also be dismissed.

### Sheriff Vernon Bourgeois

At the Spears hearing, plaintiff testified that Sheriff Bourgeois was named as a defendant simply because he "runs the parish." That allegation alone is not a sufficient basis to impose liability under § 1983. A supervisory official cannot be held liable for federal civil rights violations

allegedly committed by his subordinates under any theory of strict liability[5] or vicarious liability.[6] Accordingly, the claims against Bourgeois should likewise be dismissed.

Warden Leroy Lirette, Jr.

The only remaining defendant is Warden Leroy Lirette, Jr. For the following reasons, it is clear that plaintiff has not stated a non-frivolous claim against Lirette.

At the Spears hearing, plaintiff testified that Lirette was named as defendant because the incident at issue would not have occurred but for his decision to house plaintiff, a pretrial detainee, in the same dorm as a convicted inmate. However, it is not *per se* unconstitutional to house a pretrial detainee with a convicted inmate. In rejecting a similar claim as frivolous, United States Magistrate Judge Joseph C. Wilkinson, Jr., in an opinion subsequently adopted by United States District Judge Carl Barbier, explained:

> McKay alleges that, as a pretrial detainee, he was improperly housed with convicted inmates and that another inmate attacked him as a result. In Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981), the Fifth Circuit stated that
>
>> [t]he confinement of pretrial detainees *indiscriminately* with convicted persons is unconstitutional unless such a practice is 'reasonably related to the *institution's interest in maintaining jail security,'* or physical facilities do not permit their separation. *Of course, if a particular pretrial detainee has a long record of prior*

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[6] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

> *convictions or is likely to be violent, imposition of greater security measures is warranted ....* Nonetheless, pretrial detainees have a due process right to be considered individually *to the extent security and space requirements permit*.

Id. at 1374 (quoting Bell v. Wolfish, 441 U.S. 520, 531 (1979)) (additional citations omitted) (emphasis added). Thus, the Fifth Circuit in Jones recognized that the housing of pretrial detainees with convicted inmates may raise constitutional concerns, but only if their classification together is handled indiscriminately without justification, Pembroke v. Wood County, 981 F.2d 225, 228 (5th Cir. 1993), but it also recognized that some circumstances will permit the housing of pretrial detainees with convicted inmates.

Significantly, the classification of inmates is an administrative function of the prison. Jones, 636 F.2d at 1376. Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. Bell, 441 U.S. at 547-48; Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990). "Inmates have a federal right to due process at prison classification ... only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates." Ricker v. Leapley, 25 F.3d 1406, 1409 (8th Cir. 1994); accord Woods v. Edwards, 51 F.3d 577, 582 (5th Cir. 1995) (citing Hewitt v. Helms, 459 U.S. 460, 469-70 (1983)); Canterino v. Wilson, 869 F.2d 948, 953 (6th Cir. 1989) (citing Hewitt, 459 U.S. at 472). "Classification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." Woods, 51 F.3d at 581-82 (quotation omitted).

Thus, "[i]nmates have no protectable property or liberty interest in custodial classification. The classification of prisoners is a matter within the discretion of prison officials. Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998) (citations omitted), abrogated on other grounds by Booth v. Churner, 532 U.S. 732, 735 (2001); accord Jones v. Roach, No. 05-60530, 2006 WL 2474746, at *1 (5th Cir. Aug. 28, 2006); Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003).

The Fifth Circuit's decision in Jones v. Diamond specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. Jones, 636 F.2d. at 1374. Under the precise circumstances of this case, it cannot be concluded that housing McKay with convicted inmates was unconstitutional.

McKay v. Terrebonne Parish Sheriff's Office, Civ. Action No. 06-5570, 2007 WL 163059, at *4-5 (E.D. La. Jan. 17, 2007) (footnote omitted).

The same is true under the circumstances of the instant case. Here, plaintiff alleges neither that the decision to house him in the same dorm as Johnson was made indiscriminately without justification nor that the decision was not reasonably related to the institution's interest in maintaining jail security. Moreover, in any event, the Court notes that although the plaintiff is currently a pretrial detainee, he is not a newcomer to the criminal justice system. At the Spears hearing, plaintiff stated that he had "been coming to this parish jail since 1993." It is constitutionally permissible to house pretrial detainees who have extensive criminal histories with convicted prisoners rather than with pretrial detainees without criminal histories. See Arps v. Callahan, No. 93-1066, 1993 WL 13626754, at *3 (5th Cir. Aug. 2, 1994) ("[A] policy of classifying pretrial detainees with prior felony convictions with other convicted felons is reasonably related to the Jail's interest in maintaining jail security."); Cooper v. Bossier Sheriff Maximum Facility, No. 06-2186, 2008 WL 1766987, at *2 (W.D. La. Mar. 17, 2008) (Hornsby, M.J.) (adopted by Stagg, J., on April 14, 2008). Considering plaintiff's allegations and the facts of this case, the Court rejects as frivolous any claim that plaintiff's constitutional rights were violated merely by the decision to house him in the same dorm as a convicted inmate.

Out of an abundance of caution, the Court also makes two other observations with respect to this case.

First, plaintiff does not expressly state that he is asserting a failure-to-protect claim. Nevertheless, even if such a claim is being asserted, and even if plaintiff's version of the events is

9

accepted as true, the claim would be frivolous. The United States Fifth Circuit Court of Appeals has held: "[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). However, that Court noted:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted). Further, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001).

In the instant case, there is no allegation that there was an obvious, substantial risk to inmate safety of which Lirette was aware and to which he was deliberately indifferent. There also was no history of animosity between plaintiff and Johnson, and not even plaintiff himself, much less Lirette, had advance warning of the alleged attack. Accordingly, any failure-to-protect claim has no merit. Lirette cannot be said to have been deliberately indifferent in failing to protect against a potential harm of which he was unaware. Farmer v. Brennan, 511 U.S. 825, 844 (1994).

Second, to the extent that plaintiff may be asserting a claim concerning the delay in the provision of assistance after the altercation, that claim is likewise frivolous for at least two reasons. First, there is no allegation that Lirette, the sole remaining defendant, was even aware that plaintiff had summoned assistance. Without such an allegation, there is no basis for holding Lirette liable for the failure to respond.[7] Second, in any event, plaintiff suffered no harm from the delay in providing assistance. Assistance arrived within forty minutes of the altercation, and plaintiff was immediately taken for medical attention. A mere delay in receiving medical care is insufficient to create § 1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Bennett v. Louisiana *ex rel*. Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir. 2007). There is no allegation of such harm in this case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[7] "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Further, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). As previously noted, plaintiff cannot bring a § 1983 claim against a supervisory official, such as Lirette, based solely on a theory of strict liability or vicarious liability.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of September, 2009.

                                          **SALLY SHUSHAN**
                                          **UNITED STATES MAGISTRATE JUDGE**